## Bryan Estate

*Mark T. Milnor*, for accountant.

RICHARDS, P. J., September 24, 1953.—. . . Decedent died testate on May 8, 1949. He left a will dated September 18, 1941, and two codicils dated October 25, 1945, and April 3, 1948, respectively. His will provided an income for his wife for life and directed:

"At her death all stocks, bonds, and savings accounts are to be turned into cash money and *divided equally among my living sons and grandchildren. . . .*"

Testator's widow is now deceased and the fund is ready for distribution. Decedent had two sons, both of whom survived him and are still living. The one son, John Widder Bryan, has six children, all of whom are admittedly entitled to participate in the distribution. The other son, Frederic Gerald Bryan, has been married twice. To his first marriage a child was born, named May Belle de Chant Bryan. The parents were divorced and May Belle was adopted by her mother's second husband, Vromain Du Fais. We shall hereafter refer to her as Miss Du Fais. This son also remarried. He adopted the daughter of his second wife, the child being Lea Bryan. Miss Du Fais and Lea Bryan are now living. Their right to take as grandchildren of testator must be determined. To the second marriage of Frederic Gerald Bryan another child was born, namely Virginia Gail Bryan. She is also now living and no doubt as to her right exists.

All of the persons involved were born in the lifetime of testator, and the two adoptions mentioned occurred in testator's lifetime.

The rights of adopted persons to take property from decedents are regulated entirely by statute. For a discussion of this aspect of the case see Cave's Estate, 326 Pa. 358, 359. Hence, the legislature may confer rights upon adopted persons and it may take certain rights away from them. In 1947 the legislature enacted three distinct acts dealing in some respects with the rights of adopted persons. We refer specifically to section 8 of the Intestate Act of April 24, 1947; to section 14(6) of the Wills Act of April 24, 1947, P. L. 89, and to section 14(3) of the Estates Act of April 24, 1947, P. L. 100. Each of these acts became effective on January 1, 1948, before the death of

testator. The report of the Joint State Government Commission, under each of the above sections, refers to the policy of Cave's Estate, supra. . . . [Here is quoted section 14 (6) of Wills Act of 1947 and comment of Joint State Government Commission.]

Since the will of testator makes no gift nomination, but to persons described by relationship to him, the statutory language precisely applies in the present case. The two adopted persons here involved "shall be considered the child of his adopting parent", and "not the child of his natural parent". Miss Du Fais cannot, under this language, be considered the child of her natural father, and, if not his child, is not the grandchild of testator. On the other hand, Lea Bryan must be considered the child of her adopting father, Frederic Gerald Bryan, and hence a grandchild of testator.

We do not consider Taylor Estate, 357 Pa. 120, applicable here. That case held an adopted child to be "issue" of his natural parents only. Section 8 of the Intestate Act of 1947 provides that "an adopted person . . . shall be considered the issue of his adopting parent . . . and not the issue of his natural parents . . ." While this act is not applicable here, it does indicate the trend of the law. Furthermore, we are not dealing here with "issue" but with grandchildren described by relationship to testator. The Taylor Estate case was decided before the effective date of the Intestate Act of 1947, the Wills Act of 1947, and the Estates Act of 1947.

In addition to what we have said, we stress the last sentence of the comment under section 14 (6) of the Wills Act of 1947, contained in the report, to wit: "The child is considered the child of the adopting family and not of its natural parents." This confirms our conclusion that Miss Du Fais is not a grandchild of

testator within the meaning of section 14(6) of the Wills Act of 1947, but Lea Bryan is.

We conclude that the fund shall be divided equally among the two sons and eight grandchildren. . . .